# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLARD, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01273 DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Document 11) |

Plaintiff Irvin Van Buren ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 14, 2013. The Court recently screened Plaintiff's First Amended Complaint and determined that it stated a cognizable Eighth Amendment claim against Defendant Emerson. Plaintiff has been ordered to submit service documents.

On May 19, 2014, Plaintiff filed a request for injunctive relief. Plaintiff seeks an order preventing Kern Valley State Prison officials from placing him in a prison setting where known enemies reside.

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

1

in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

This case involves a failure to protect claim against Defendant Emerson, who has not yet appeared in this action. As he has not yet appeared, the Court does not have jurisdiction over any Defendant. Moreover, Plaintiff seeks relief against Kern Valley State Prison officials, and even when Defendant Emerson appears, the Court will not have jurisdiction over any unnamed prison officials.

Finally, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is likely to suffer future injury." Lyons at 105, 1667.

In his motion, Plaintiff states that he has safety concerns because he has been placed on a yard with known enemies. At this point, however, his concern is speculative and he does not demonstrate that he is facing real, immediate danger.

Accordingly, Plaintiff's motion for preliminary injunctive relief, filed May 19, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 3, 2014**                              /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE