# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN, | ) Case No.: 1:13-cv-01273-LJO-DLB (PC) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| v. | ) MOTION FOR RECONSIDERATION |
| EMERSON, | ) (Document 29) |
| Defendant. | ) |

Plaintiff Irvin Ban Buren ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## **PROCEDURAL BACKGROUND**

Plaintiff filed this action on August 14, 2013. The action is proceeding on an Eighth Amendment claim against Defendant Emerson.

On September 4, 2014, after Defendant filed an answer, the Court issued a Discovery and Scheduling Order. Part I of the Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

On October 16, 2014, Defendant filed a Request for Reconsideration of Part I of the Discovery and Scheduling Order. Plaintiff did not file an opposition. The matter is deemed submitted pursuant to Local Rule 230(l).

## LEGAL STANDARD

Defendant moves for reconsideration pursuant to Local Rule 303(c), which permits District Judge review of a Magistrate Judge's order. Local Rule 303(a) incorporates the "clearly erroneous" or "contrary to law" standard set forth in Federal Rule of Civil Procedure 72(a). Thus, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## DISCUSSION

Defendant correctly argues that Part I of the Discovery and Scheduling Order requires the parties to engage in disclosures similar to those required under Federal Rule of Civil Procedure 26(a)(1). Defendant is also correct in that Plaintiff is a pro se prisoner, and that such actions are generally exempt from initial disclosure requirements.

Defendant is incorrect, however, insofar as he argues that the Discovery and Scheduling Order is an improper "standing order" meant to modify the initial disclosure requirements. As the Court has previously explained in *numerous* prisoner actions where the Discovery and Scheduling Order has been issued, the order is a case-specific order that issued in this action "[t]o expedite the fair disposition of this action and to discourage wasteful pretrial activities." Therefore, the order is proper since "even in a case excluded . . ., the court can order exchange of similar information in managing the action under rule 16." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 2000. The fact that a similar order has issued in other prisoner cases does not transform the order into a formal, or informal, standing order. Indeed, if there is an instance where initial disclosures are not warranted, the Court will not issue an order requiring their exchange.

Moreover, Defendant's tactic of listing each and every prisoner action where the Discovery and Scheduling Order issued does not sway the Court. The Discovery and Scheduling Orders may read the same, but this does not mean that each action is not analyzed prior to the issuance of the

order. As Defendant is undoubtedly aware, this Court's prisoner case load is staggering, and while the Court may not tailor each and every discovery order, it reviews the actions prior to imposing initial disclosures. The fact is that most, if not all, prisoner actions begin without issues that would preclude initial disclosures. If other arrangements should be made subsequent to the order, the Court will act accordingly.

The Court further notes that the discovery order at issue, which has been used and upheld in other actions in this Court, was implemented in light of the numerous discovery issues that were arising with increasing frequency in other pro se prisoner actions. Defendants' discovery practices were bordering on unnecessarily obstructive, and these tactics caused numerous discovery disputes that required extensive Court resources to resolve. The intent of the order, as explained above, is to discourage similar wasteful activities.

Defendant further believes that such requirements are an undue burden on the State in prisoner cases. However, again, the intent behind the order is to streamline the discovery process and ultimately reduce the overall burden on the State, the Court and the parties. In fact, since the requirement to exchange initial disclosures has been in place, there has been a significant decrease in discovery disputes in actions where the ordered has issued. This decrease has benefited both the parties *and* the Court.

Defendant also attempts to raise an issue based on his belief that the Discovery and Scheduling Order improperly expands the initial disclosure requirement of Rule 26(a)(1)(A) by requiring a party to identify witnesses and evidence it *may* use to support its claims or defenses. However, the order requires no more than would be required under Rule 26(a), or in the ordinary course of investigating a complaint. The purpose of initial disclosures under FRCP 26(a) is "to accelerate the exchange of basic information . . . and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 1993 (emphasis added). Orders such as this fall well within the vested control of a trial court to control its docket and to ensure efficient use of limited judicial resources.

3

Moreover, while the order may not specifically state that disclosures are limited to "discoverable information," the context of the order, as well as common sense, dictate that only discoverable information need be exchanged.

Finally, insofar as Defendant objects to the requirement that he produce materials in the possession, custody or control of Defendant *and* CDCR, his objection fails. Defendant specifically objects to the definition used in Allen v. Woodford, 2007 WL 309945 (E. D. Cal. 2007), cited in the order, and contends that he is "neither the Secretary of the Department nor a member of its executive staff." Mot., 6. Defendant therefore believes that it is improper to place upon him an obligation to produce documents in the care, custody or control of CDCR.

This standard, however, requires no more than production of information for which Defendant has "the legal right to obtain" on demand. If a document does not fall within the definition of Allen, it need not be produced. Certainly, Defendant will not have "possession, custody or control" of *all* of CDCR's documents. The order does not require Defendant to produce documents that he cannot otherwise obtain in the course of his employment.

The above arguments are not persuasive and do not establish that the Discovery and Scheduling Order, in general, is contrary to law or clearly erroneous.

Defendant's motion is DENIED. The parties SHALL exchange initial disclosures within thirty (30) days of the date of service of this order.

**SO ORDERED**
**Dated: December 2, 2014**

                                               **/s/ Lawrence J. O'Neill**
                                               **United States District Judge**