# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IRVIN VAN BUREN,

        Plaintiff,

  vs.

EMERSON,

        Defendants.

) 1:13-cv-01273-LJO-DLB PC
)
) ORDER GRANTING IN PART
) DEFENDANT'S MOTION TO MODIFY
) DISCOVERY AND SCHEDULING ORDER
) (Document 59)
)
) Dispositive Motion Deadline: June 1, 2015

Plaintiff Irvin Van Buren ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's First Amended Complaint against Defendant Emerson for violation of the Eighth Amendment.

Pursuant to the September 4, 2014, Discovery and Scheduling Order, discovery closed on February 2, 2015. The dispositive motion deadline is April 1, 2015.

Defendant's December 3, 2014, motion for summary judgment based on exhaustion is pending.

On March 19, 2015, Defendant filed a request to vacate or modify the dispositive motion deadline. The Court deems the matter suitable for decision without an opposition. Local Rule 230(l).

1

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Here, Defendant requests that the Court vacate the April 1, 2015, dispositive motion deadline because his pending motion for summary judgment may dispose of all claims. Defendant also notes that discovery is closed.[1]

Here, the pending motion for summary judgment is potentially dispositive of all claims in this case.  Therefore, requiring Defendant to brief and file a dispositive motion by April 1, 2015, may result in a waste of time and resources.

Accordingly, the Court GRANTS Defendant's motion in PART.  The Court will not vacate the dispositive motion deadline, but instead will extend it to **June 1, 2015**.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                    /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] On March 19, 2015, Plaintiff filed a motion to compel.  The deadline for filing a motion to compel, pursuant to the Discovery and Scheduling Order, was February 2, 2015.  However, Plaintiff filed a prior, timely motion to compel related to the same discovery.  The Court denied it without prejudice because Plaintiff signed the motion prior to the time Defendant's responses were due.  The Court ultimately granted Defendant an extension of time to respond to the discovery, and he served responses on or about February 3, 2015.  Given Plaintiff's prior timely motion and the extension granted to Defendant, the Court will not, at this time, deny the motion as untimely.  The discovery at issue does not appear to relate to exhaustion.