UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>        Plaintiff,<br><br>    v.<br><br>EMERSON,<br><br>        Defendant. | Case No.: 1:13cv01273 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br>(Document 35)<br><br>THIRTY-DAY OBJECTION DEADLINE |

        Plaintiff Irvin Van Buren ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 14, 2013. This action is proceeding on an Eighth Amendment failure to protect claim against Defendant Emerson. All other claims and Defendants have been dismissed.

        On December 3, 2014, Defendant filed the instant motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff opposed the motion on December 29, 2014. Defendant filed his reply on January 8, 2015. The motion was deemed submitted when Defendant filed his reply pursuant to Local Rule 230(l).

        On January 29, 2015, Plaintiff submitted an unauthorized surreply. Defendant moved to strike the filing on February 2, 2015. However, on March 27, 2015, the Court ordered Defendant to respond

to the surreply and denied Defendant's motion to strike. Defendant filed his response on April 16, 2015.

A.  **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California. The events at issue occurred while he was housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California.

On October 17, 2012, because Plaintiff was on C-status, he was moved to Building 3. Defendant Emerson confiscated his personal property and donated it to the State without Plaintiff's consent.

When Plaintiff appealed Defendant Emerson's actions and claimed that Defendant Emerson "falsified the confiscation document," Defendant Emerson became irate with Plaintiff. From that day on, Defendant Emerson targeted Plaintiff by harassing him.

In mid-November 2012, Plaintiff was attacked in the medical line by a large group of Mexican inmates. Plaintiff alleges that the inmates were coerced by Defendant Emerson, who directly instigated race riots between Mexican and African American inmates.

On November 21, 2012, Plaintiff contends that he was falsely accused by officers on D facility of a conspiracy to assault staff. Lt. Rivero removed Plaintiff from D facility and placed him in Administrative Segregation ("Ad-Seg").

On November 29, 2012, while housed in Ad-Seg, Plaintiff appeared before the ICC Committee for the conspiracy to assault staff accusation. Plaintiff was released back to D facility, Building 4, after a finding that the evidence was unsubstantiated. During the Building 4 medication line release, Defendant Emerson went to Building 4 and escorted Plaintiff back to Building 3, threatening Plaintiff that if he didn't move to Building 3, he would be placed in Ad-Seg again. When Plaintiff told Defendant Emerson that he wasn't comfortable with Inmate Moss (a Mexican South Sider Gang Member) as his cellmate due to the recent race riot in Building 3, Defendant Emerson told Plaintiff

---

[1] Only allegations relating to the remaining claim are relevant

that he was still on C-status and did not have the luxury of choosing his cellmate. He then smiled at Plaintiff.

Defendant Emerson moved Plaintiff back to Building 3 and housed him with Inmate Moss.

On January 16, 2013, Plaintiff was attacked by Inmate Moss, while he was asleep on his bunk. Plaintiff suffered a broken jaw and required surgery.

After the incident, Defendant Emerson moved Inmate Moss to the lower tier in the same building. Plaintiff asked Defendant Emerson to move Plaintiff to another building because he wasn't comfortable with Inmate Moss being so close. Defendant Emerson said that they were both still on C-status and that all C-status inmate must stay in the building.

On January 23, 2013, due to a second altercation set-up by Defendant Emerson between Plaintiff and Moss, Plaintiff was placed in Ad-Seg and charged with battery on an inmate.

On January 31, 2013, while in Ad-Seg, Plaintiff and Moss appeared before the ICC committee for the two prior altercations. Plaintiff was retained in Ad-Seg, while Moss was "compensated handsomely" and immediately released from C-status, promoted to "AIA" status, assigned a job and had his privileges restored in full.

**B.  LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendant carries his burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed

evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## C.  APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. Cal. Code Regs. tit. 15, § 3084.5. The appeal must be submitted within thirty calendar days of (1) the occurrence of the event being appealed; (2) upon first having knowledge of the event; or (3) upon receiving an unsatisfactory departmental response to an appeal. Cal. Code Regs. tit., § 3084.8(b). An inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.7

## D.  UNDISPUTED FACTS[2]

According to Plaintiff's First Amended Complaint, he was attacked by a group of inmates while he was standing in a medical line in mid-November 2012. On January 16 and 23, 2013, Plaintiff was attacked by Inmate Moss. Plaintiff contends that Defendant Emerson arranged the attacks and failed to protect Plaintiff from harm by ignoring his safety concerns. Plaintiff alleges that Defendant

---

[2] Plaintiff did not provide his own statement of undisputed facts. In his opposition, he cites to two appeals (SATF-13-02902 and SATF-X-13-3437) that were not cited in Defendant's motion. Plaintiff's opposition, while signed, is not signed under penalty of perjury and is therefore not verified. Nonetheless, Defendant did not object to the two appeals on admissibility grounds, and the Court will therefore cite the appeals in the undisputed facts. The Court notes that the two appeals cited by Plaintiff do not change the outcome of this motion.

Emerson began to target him after he filed an appeal against him for property confiscation in October 2012. ECF No. 9, at 13-15.

Plaintiff filed this action on August 14, 2013.[3] ECF No. 1.

Plaintiff filed numerous inmate appeals between November 2012 and August 14, 2013. Hildreth Decl. ¶ 8.

*SATF-12-05290*

On November 15, 2012, Plaintiff filed Appeal SATF-12-05290 ("12-05290"). As the subject of the appeal, Plaintiff listed "confiscation of personal property" and complained of two instances of property confiscation. Plaintiff alleged that on October 18, 2012, Defendant Emerson confiscated his Sony CD/radio player and threw his property in the trash. Plaintiff requested the return of the confiscated items.

The appeal reached the Third Level of Review, and was denied on May 14, 2013. Hildreth Decl. ¶ 8(a); Ex. 1.

*SATF-13-02902*

On July 23, 2013, Plaintiff filed Appeal SATF-13-02902 ("13-02902") to appeal the disposition of a Rule Violation Report for refusing a cellmate. Plaintiff contends that he was dissatisfied with the guilty finding by Lt. Lopez and the resulting penalties. For relief, Plaintiff requests that the guilty finding be stricken and that his privileges and credits be restored. Plaintiff also requests "safety housing needed as requested and required." ECF No. 40, at 19.

In explaining why he refused a cellmate in May 2013, Plaintiff stated that he was attacked by his cellmate in January 2013. Plaintiff alleges that he was "being set up and reprisal and retaliation action is taken against me by staff." ECF No. 40, at 21.

In explaining why he was dissatisfied with the Second Level Review, Plaintiff argued that the reviewer failed to examine his safety issues and his belief that staff was setting him up for harm. ECF No. 40, at 22.

---

[3] Plaintiff signed the complaint and proof of service on August 12, 2014.

The appeal reached the Third Level of Review, and was denied on November 18, 2013. ECF No. 40, at 31.

*SATF-X-13-03437*

On August 10, 2013, Plaintiff filed a CDCR 22 Inmate Request for Interview. The request was directed to Sgt. Chan. Plaintiff asked to be placed on the ICC Committee list as soon as possible for "appropriate housing consideration" and "possible revoking of SNY. . ." ECF No. 40, at 29. Plaintiff states that he is constantly being set up by staff with unsafe inmates, and that his "last cellmate was a set up action by staff on D yard (C/O Emerson). . ." ECF No. 40, at 29.

Sgt. Chan responded on August 10, 2013, stating that no reprisals had been taken against Plaintiff. However, Plaintiff was cleared for double cell status and was expected to house with an inmate, even though he had been without a cell mate for months. Sgt. Chan instructed Plaintiff to contact his counselor, CCI Garcia. ECF No. 40, at 29.

On August 23, 2013, Plaintiff filed appeal SATF-X-13-03437 ("13-03437") for "emergency safety concerns." He alleged that Sgt. Chan ignored his safety concerns and that he was being set up by staff. Plaintiff states that his "last cellmate [in January 2013] was a set-up action by staff on D yard" and resulted in an assault. Plaintiff contends that his Eighth Amendment rights are being violated and requests revocation of his SNY status "ASAP." ECF No. 40, at 26.

The appeal was rejected at the First Level because it made only general allegations, and did not "state facts or specify an act or decision consistent with the allegations." ECF No. 40, at 27. Plaintiff was instructed to provide specific information.

This appeal was not exhausted to the Third Level of Review.

**E.   DISCUSSION[4]**

It is undisputed that Plaintiff did not file a specific appeal against Defendant Emerson alleging that Defendant failed to protect him in November 2012 and January 2013. The burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that

---

[4] Plaintiff uses part of his opposition to argue why Defendant Emerson violated the Eighth Amendment. The merits of the underlying claim, are not, however, before the Court at this juncture.

6

made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

1. 12-05290

Plaintiff agrees that this appeal was filed against Defendant Emerson for the illegal confiscation of property in October 2012. He contends, however, that this appeal also alleged that Defendant Emerson became irate with Plaintiff after the filing of the appeal and began to target and/or harass him thereafter. In support, Plaintiff cites to the allegations of his *complaint,* and these allegations are not made in the inmate appeal.

Even if these allegations had been raised, the appeal would not have exhausted Plaintiff's claims. "[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In the absence of greater specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). In California, inmates are required only to describe the problem and the action requested. Cal. Code Regs., tit. 15 § 3084.2(a) (West 2009).

The nature of the wrong in 12-05290 is Defendant Emerson's confiscation of property in October 2012, and Plaintiff's seeks the return of his property as redress. It does not, in any way, involve Plaintiff's failure to protect claim against Defendant Emerson arising from events in November 2012 and January 2013.

2. 13-02902

Plaintiff next argues that appeal 13-02902 alleged that prison officials regularly disregarded his safety by housing him with inmates that were not necessarily compatible. He states that he "articulately mentioned the January 16, 201[3] incident where he was attacked by Inmate Moss. . .due to Defendant Emerson's housing him with him and refusing to move him to another cell. . ." ECF No. 40, at 10.

While Plaintiff may have "mentioned" the January 16, 2013, incident, the primary purpose of the appeal was to overturn Sgt. Lopez's guilty finding on a May 2013 Rules Violation Report for refusing a cellmate. Indeed, under "subject," Plaintiff states, "Appealing R.V.R. Disposition." ECF

7

No. 40, at 19. Plaintiff's reference to the January 16, 2013, incident was used as background for his claim that he was being placed with incompatible inmates, and was ultimately meant to support his claim that he refused a cellmate for good reason. For relief, Plaintiff requests that the guilty finding be overturned, that his privileges and credits be restored, and that he be safely rehoused. Therefore, this appeal did not exhaust Plaintiff's failure to protect claim against Defendant Emerson, as the primary purpose of the grievance was to overturn a May 2013 guilty finding.

Even if the appeal could be construed to relate to Plaintiff's claims against Defendant Emerson, it was not fully exhausted until November 2013, three months *after* Plaintiff filed this action. ECF No. 40, at 31-32. Prisoners are required to exhaust the available administrative remedies *prior* to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. That Plaintiff's March 20, 2014, First Amended Complaint was filed after this appeal was fully exhausted does not, as Plaintiff argues, change the result. Exhaustion must be completed prior to filing the original complaint.

3. 13-03437

Finally, Plaintiff argues that appeal 13-03437 also alleged that staff ignored his safety concerns. He first points to the August 10, 2013, CDCR 22 Inmate Request for Interview that appears to ultimately lead to the filing of 13-03437. Plaintiff states that he "mentioned" Defendant Emerson's reprisal actions. ECF No. 40, at 11. The CDCR 22 is not an inmate appeal, however, and does not serve any exhaustion purpose. In any event, the purpose of Plaintiff's CDCR 22 was to request a housing change from Sgt. Chan.

As to 13-03437, the appeal was filed on August 22, 2013, *after* Plaintiff filed this action and therefore cannot exhaust Plaintiff's claims. The appeal was also cancelled at the First Level and was not fully exhausted. Finally, even if the appeal was fully exhausted prior to this action, the primary purpose of the appeal was to seek revocation of his SNY status after Sgt. Chan allegedly ignored his safety concerns. Again, Plaintiff's "mention" of the January 16, 2013, incident was made in the context of background information.

4. <u>Plaintiff's Surreply</u>

Plaintiff argues, for the first time in his surreply, that Defendant Emerson's failure to protect is "factually interrelated" to the Rules Violation Reports received as a result of the January 2013 incidents (fighting on January 16, 2013, and assaulting an inmate on January 23, 2013). ECF No. 50, at 3. Plaintiff contends that the Rules Violation Reports were a direct result of Defendant Emerson's actions and as such, he *could not* have appealed his actions until he received a final disposition on the Rules Violation Reports. According to Plaintiff, the hearing was held on April 29, 2013, and he did not receive the final Rules Violation Report until May 24, 2013. Plaintiff also argues that his "claim/disciplinary infraction time limit" was tolled while the charges were referred to the district attorney for possible prosecution.

Plaintiff's argument is without merit. While challenging the disposition of a Rules Violation Report may have different requirements, the claims are not so intertwined so that Plaintiff was prohibited from separately appealing Defendant Emerson's actions.

However, even if Plaintiff's argument had merit, he does not point to any appeal that challenged the outcome of the January 2013 Rules Violation Reports.

Plaintiff has therefore failed to carry his burden and Defendant is entitled to summary judgment based on a failure to exhaust.

**F.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed October 15, 2014, be GRANTED;
2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust; and;
3. All pending motions be DENIED AS MOOT.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within

1  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   **April 22, 2015**                          /s/ *Dennis L. Beck*
7                                                      UNITED STATES MAGISTRATE JUDGE